UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.  **DECISION AND ORDER**
 15-CR-9S

MARCELLUS OVERTON,

        Defendant.

1.    Defendant Marcellus Overton is charged in a 2-count Superseding Indictment with sex trafficking, in violation of 18 U.S.C. § 1591 (a)(1), and interstate transportation of a minor for purposes of prostitution, in violation of 18 U.S.C. § 2423 (a). (Docket No. 104.) Without court approval, Defendant served trial subpoenas on the New York State Police and New York State Attorney General's Office. Each subpoena demands the following information:

> Any and all reports, memorandum [sic], correspondence, electronic transmissions, handwritten notes, photographs, video recordings, or other writings related to an investigation conducted by the New York State Attorney General's office in connection with Marcellus Overton (date of birth 03/28/1975) covering the period of January 1, 2011 through and including May 2015, including, but not limited to, any and all investigative reports of interviews conducted with the Minor Female who was the subject of a Felony Complaint filed against Marcellus Overton in the Town of Cheektowaga, County of Erie, State of New York on or about January 23, 2014.

(Docket Nos. 134-1, 144-1.)

2.    Presently before this Court are motions to quash Defendant's subpoenas brought by the government (on behalf of the New York State Police) and the New York

1

State Attorney General's Office. (Docket Nos. 134, 144.) They seek to quash the subpoenas on the grounds that they are improper under Rule 17 of the Federal Rules of Criminal Procedure. For the following reasons, the motions to quash are granted.

3. Rule 17 governs the issuance of subpoenas for testimony and documents and objects in criminal proceedings. Rule 17 (c) subpoenas may require pretrial production of documents from third parties, see United States v. Reyes, 162 F.R.D. 468, 469-70 (S.D.N.Y. 1995), and may also require the production of documents independent of a demand for trial testimony, see 2 CHARLES ALAN WRIGHT, FEDERAL PRACTICE AND PROCEDURE, § 274 (3d Ed. 2000) ("a subpoena may issue for the production of documentary evidence and of objects without also calling for testimony"). To obtain production of documents before trial, the United States Supreme Court requires that the moving party show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is not intended as a general 'fishing expedition.'

United States v. Nixon, 418 U.S. 683, 699-700, 94 S. Ct. 3090, 3103, 41 L. Ed. 2d 1039 (1974); see also United States v. Weissman, No. 01 CR 529, 2002 WL 1467845, at *1 (S.D.N.Y. July 8, 2002). Distilled further, the moving party must show relevance, admissibility, and specificity. See United States v. Jabar, 09-CR-170V, 2016 WL 8671207, at *4 (W.D.N.Y. July 22, 2016).

4. But Rule 17 cannot be used to circumvent the discovery limitations in Rule 16. See Bowman Dairy Co. v. United States, 341 U.S. 214, 220, 71 S. Ct. 675, 95 L. Ed. 879 (1951). Therefore, "[c]ourts must be careful that rule 17 (c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in Fed. R. Crim. P. 16." United States v. Nix, 251 F. Supp. 3d 555, 563 (W.D.N.Y. 2017) (quoting United States v. Cuthbertson, 630 F.2d 139, 146 (3d Cir. 1980)). It is the defendant's burden to show Rule 17 compliance. United States v. Ceballo, No. 03 CR. 283 (SWK), 2003 WL 21961123, at *1 (S.D.N.Y. Aug. 18, 2003).

5. Having reviewed and considered the subpoenas, this Court finds that they should be quashed. First, given the breadth of the subpoenas, it appears that Defendant is improperly using Rule 17 as a discovery device. The law enforcement records at issue are subject to Rule 16 discovery, Brady, Jencks, Giglio, and § 3500. The government has already produced a significant amount of discovery and will produce further information (e.g., Jencks, Giglio, § 3500) when this Court directs it to do so ahead of trial. Defendant cannot use Rule 17 to circumvent these procedures. See United States v. Hutchinson, No. 97 CR 1146, 1998 WL 1029228, at *1 (E.D.N.Y. Dec. 23, 1998) ("[T]he purpose of Rule 17 is not to facilitate discovery, but, rather, to enable one to obtain and inspect evidentiary material prior to trial."); United States v. Brown, 95 CR. 168 (AGS), 1995 WL 387698, at *9 (S.D.N.Y. June 30, 1995) ("it is well settled that Rule 17 (c) subpoenas cannot be used as a means of circumventing Rule 16's limits on discovery in a criminal case").

6. Second, the lack of specificity in Defendant's subpoenas indicates that he

3

is conducting an improper "fishing expedition." Rather than specifically identifying admissible evidence, Defendant requests "[a]ny and all reports, memorandum [sic], correspondence, electronic transmissions, handwritten notes, photographs, video recordings, or other writings" concerning an entire criminal investigation. This does not meet Rule 17's admissibility or specificity requirements. See Jabar, 2016 WL 8671207, at *4 (finding that requests for "any" and "all" documents may signal a fishing expedition); see also United States v. Sawinski, No. 00 cr. 499, 2000 WL 1702032, at *2 (S.D.N.Y. Nov. 14, 2000) ("[I]f the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, the requirement of specificity will not have been met."); United States v. Yian, No. 94 Cr. 719 (DLC), 1995 WL 614563, at *2 (S.D.N.Y. Oct. 19, 1995) (rejecting subpoena seeking an entire investigative file as an improper fishing expedition).

7. Third, to the extent Defendant seeks impeachment material, he again fails to identify what specific material he is after and fails to demonstrate that pretrial disclosure of impeachment material is warranted. See United States v. Weissman, No. 01 CR. 529 (BSJ), 2002 WL 31875410, at *1 (S.D.N.Y. Dec. 26, 2002) (denying pretrial production of impeachment materials based on speculative nature of request).

8. Finally, Defendant's subpoenas improperly request witness statements, the disclosure of which is barred by Rule 17 (h), and information about a victim, which is not permitted without compliance with Rule 17 (c)(3), which is absent here. Defendant also appears to seek materials that may be protected by the work-product privilege. See United States v. Cherry, 876 F. Supp. 547, 551 (S.D.N.Y. 1995).

4

9. Accordingly, this Court finds that Defendant's subpoenas are barred by Rule 16 and the <u>Nixon</u> factors. The motions to quash are therefore granted.

IT HEREBY IS ORDERED, that the Motions to Quash (Docket Nos. 134, 144) are GRANTED.

SO ORDERED.

Dated: December 6, 2017
       Buffalo, New York

                                          <u>/s/William M. Skretny</u>
                                          WILLIAM M. SKRETNY
                                        United States District Judge