UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                                                    **DECISION AND ORDER**
                                                                           15-CR-9S

MARCELLUS OVERTON,

                Defendant.

## I. INTRODUCTION

Presently before this Court are the parties' motions in limine seeking various forms of relief. (Docket Nos. 96, 99, 100, 101, 111, 118, 119.) For the reasons that follow, the government's motions are granted and Defendant's motions are either denied or denied without prejudice.

## II. BACKGROUND

Defendant Marcellus Overton is charged in a 2-count Superseding Indictment with sex trafficking, in violation of 18 U.S.C. § 1591 (a)(1), and interstate transportation of a minor for purposes of prostitution, in violation of 18 U.S.C. § 2423 (a). (Docket No. 104.) Count 1 charges that from in or about December 2012 and continuing through in or about March 2013, Defendant knowingly recruited, enticed, harbored, transported, provided, obtained, and maintained by any means, Victim 1, a person under the age of 18 years, knowing and in reckless disregard of the fact, having had a reasonable opportunity to observe Victim 1, that Victim 1 had not attained the age of 18 years and that Victim 1 would be caused to engage in a commercial sex act. (Id.) Count 2 charges that in or

1

about March 2013, Defendant knowingly transported Victim 1 between New York and Georgia with the intent that Victim 1 engage in prostitution and in sexual activity for which any person can be charged with a criminal offense. (Id.)

The government expects to prove the following facts at trial:

> The defendant, Marcellus Overton, operated a commercial sex scheme in Western New York and elsewhere. Beginning in at least December 2012, [the defendant] recruited women, including Victim 1, to work as prostitutes. The defendant used social media and personal contacts to recruit and entice females, including Victim 1, to meet with him and, later, engage in prostitution. The defendant harbored and maintained females, including Victim 1, by, among other things, providing shelter, food, clothing, and narcotics. The defendant took photographs of the females, including Victim 1, and posted advertisements on the internet—on Backpage.com—advertising the females' availability, available locale, and a phone number to respond to each advertisement. The defendant employed pseudonyms for the females when he placed advertisements, including, for Victim 1, "Kloe the Kardashian." The contents of the advertisements contained text, such as the following:
>
>> "Hey guys my name is Klohe and I'm in town for tonight only up all night waiting to fulfill your wildest dreams and fantasies. In and out calls discrete in call location."
>
> The defendant arranged for hotel rooms at which the females could engage in commercial sex activities during "in call" appointments, and transported or arranged for transportation of the females for "out call" appointments. The defendant required Victim 1 and other victims to give him money they had received for the commercial sex acts resulting from the Backpage advertisements.

(Docket No. 95.)

### III. DISCUSSION

Familiarity with the facts and underlying arguments raised in the various motions

in limine is presumed.

Motions in limine, when granted, operate to exclude inadmissible or prejudicial evidence before it is actually offered at trial. See Luce v. United States, 469 U.S. 38, 40 n. 2, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984). This aids the trial process by narrowing evidentiary issues and decreasing trial interruptions. See Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996). Evidence is excluded before trial only when it is clearly inadmissible on all grounds. United States v. Morel, 751 F. Supp. 2d 423, 428 (E.D.N.Y. 2010). A court faced with a motion in limine may defer decision in order to resolve the motion in context at trial or may resolve the motion and revisit the ruling if the trial evidence does not come in as expected. Morel, 751 F. Supp. 2d at 428 (citing Luce, 469 U.S. at 41-42). But even if nothing unexpected occurs at trial, a court may revisit *in limine* rulings at any time in the exercise of its discretion. Luce, 469 U.S. at 41-42.

**A.    Defendant's State Conviction for Promoting Prostitution as Direct Evidence (Docket Nos. 96, 111, 118)**

Both Defendant and the government move in limine concerning the admissibility of Defendant's state conviction for promoting prostitution. On May 15, 2014, Defendant plead guilty in Cheektowaga Town Court to a misdemeanor charge of promoting prostitution in violation of New York Penal Law 230.20, for which he received a sentence of 3 years of probation on July 24, 2014. (Docket No. 97.) The charge involved Defendant promoting the prostitution of Victim 1, who is the same victim he is charged with trafficking for prostitution in this case.

In its motion in limine, the government seeks a pretrial ruling that Defendant's state

conviction is admissible against Defendant as an opposing party's statement under Rule 801 (d)(2)(A) of the Federal Rules of Evidence. (Docket No. 96.) Defendant opposes the government's motion and seeks his own pretrial ruling that the state conviction is inadmissible because its probative value is substantially outweighed by the danger of unfair prejudice and because Defendant entered his guilty plea involuntarily.

Having considered the parties' arguments, this Court finds that the statements Defendant made in connection with his state conviction are properly admissible under Rule 801 (d)(2)(A). The statements are offered by the government against Defendant and are Defendant's own statements, which fulfill the requirements of the rule. Moreover, the statements are highly probative, as they involve Defendant's admissions concerning the age and prostitution of Victim 1 during the time period of the indictment, which relates directly to the elements of the federal charges that the government must prove. This evidence is therefore admissible under Rule 801 (d)(2)(A). See United States v. Andreadis, 366 F.2d 423, 433 (2d Cir. 1966) (affirming the admission into evidence of a defendant's admissions made in connection with the entry of a state guilty plea to a charge of false advertising that were relevant to at least one element of the federal mail fraud charge arising from the advertising); United States v. Frederick, 702 F. Supp. 2d 32, 36-38 (E.D.N.Y. 2009) (collecting cases); United States v. Persico, 621 F. Supp. 842, 871 (S.D.N.Y. 1985) (finding judicial admissions made in the context of a plea proceeding to be admissible and noting that "[a]n admission by a defendant constitutes the strongest possible evidence of his guilt"); see also United States v. Haddad, 10 F.3d 1252, 1258 (7th Cir. 1993) ("Guilty pleas are clearly admissible under the Federal Rules

4

of Evidence 801 (d)(2) as relevant statements of the defendant."); United States v. Riley, 684 F.2d 542, 545 (8th Cir. 1982) (affirming the admission of evidence relating to the defendant's state misdemeanor pimping charges during his federal trial for interstate transportation of a minor for purposes of prostitution and finding that the defendant's state guilty plea qualified as an admission under Rule 801 (d)(2)); Myers v. United States, 49 F.2d 230, 231 (4th Cir. 1931) (finding state court guilty plea to charge of possession of illegal liquor admissible in subsequent federal prosecution for unlawfully selling liquor).

Defendant argues that even if admissible under Rule 801 (d)(2)(A), Rule 403 should bar this evidence because its probative value is substantially outweighed by the danger of confusion or unfair prejudice. Seemingly conceding relevance, Defendant asserts that introduction of this evidence "would be tantamount to a virtually automatic conviction on Count 1," and given the similarity of victim and time period, "would likely cause a domino effect to the jury rendering a verdict of guilty on Count 2." (Docket No. 124.) This Court is not persuaded.

First, this evidence presents no risk of confusion. The jury can be instructed concerning successive state and federal prosecutions under the dual sovereignty doctrine. Nor is this evidence cumulative in any way, as Defendant suggests.

Second, though couched in terms of unfair prejudice, Defendant's arguments simply recognize the strong probative value of this evidence. Evidence concerning Defendant's state-court admissions that relate to elements of the federal charges against him are highly probative of his guilt and substantially prejudicial to his defense, but that does not render the evidence *unfairly* prejudicial under Rule 403. Evidence is not

5

unfairly prejudicial simply because it is powerful. See Old Chief v. United States, 519 U.S. 172, 180, 117 S. Ct. 644, 136 L. Ed. 2d 574 (1997) ("The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged."); United States v. Figueroa, 618 F.2d 934, 944 (2d Cir. 1980) ("Evidence is prejudicial only when it tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence."). Consequently, this evidence is not barred under Rule 403. See Frederick, 702 F. Supp. 2d at 37 (finding no grounds for excluding a prior state-court plea under Rule 403 in the absence of any constitutional defects in the plea).

Defendant further argues that this evidence should be precluded because he entered the state guilty plea involuntarily. Defendant claims in an affidavit that despite being innocent of the charges against him, he pleaded guilty in state court because his attorney told him that he would not get a fair trial due to his race.[1] (Affidavit of Marcellus Overton, Docket No. 111-1.) He insists that he pleaded guilty only to avoid jail time and to avoid the risk of losing custody of his child. (Id.) Defendant further argues that his plea was involuntary and constitutionally deficient because he was never made aware of the collateral consequences of his state guilty plea, one of which was that it could be used against him in a subsequent federal prosecution.

---

[1]The affidavit Defendant submitted in support of his motion in limine is nearly identical to the affidavit he submitted in support of his state-court motion to set aside his guilty plea. (Compare Docket No. 111-1, Exhibit B with Docket No. 126-1, Exhibit A.)

6

In support of his legal arguments, Defendant relies on dicta from the Seventh Circuit in United States v. Howze. 668 F.2d 322, 325 n. 3 (7th Cir. 1982). There, in a footnote, the court pondered whether the general rule that a guilty plea is admissible in a subsequent criminal trial to prove an element of the crime charged could be subject to constitutional attack if a defendant is not advised at the time of the guilty plea that it could be used against him in a subsequent trial. Id. Contrary to Defendant's suggestion, Howze does not require a hearing or constitutional inquiry into the underlying circumstances of a state plea. Indeed, the Seventh Circuit itself has since rejected the notion. See Haddad, 10 F.3d at 1258 (rejecting application of the Boykin[2] standard used to assess the constitutionality of a federal plea and finding that a state guilty plea should be treated as any other admission or confession made by the defendant); see also United States v. Williams, 104 F.3d 213, 216 (8th Cir. 1997) (finding that the possible use of a state plea in a subsequent federal prosecution is not a "direct consequence" of the plea of which the defendant must be made aware).

In any event, a pretrial evidentiary motion is not the proper avenue for Defendant to attack his state plea. There is a "presumption of regularity" that attaches to a final conviction, even when the question concerns the defendant's constitutional rights. See Parke v. Raley, 506 U.S. 20, 29-30, 113 S. Ct. 517, 121 L. Ed. 2d 391 (1992); Honeycutt v. Ward, 612 F.2d 36, 41 (2d Cir. 1979) (noting that there is "a strong presumption of regularity in state judicial proceedings"). "Permitting a collateral attack on a prior state-

---

[2] Boykin v. United States, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969).

7

court conviction in an unrelated proceeding is impermissible because it 'would 'inevitably delay and impair the orderly administration of justice' and 'deprive the state-court judgment of its normal force and effect.'" United States v. Carver, No. 3:12-cr-00120-1, 2013 U.S Dist. LEXIS, at *6-*7 (M.D. Tenn. July 3, 2013) (quoting Daniels v. United States, 532 U.S. 374, 378-79, 121 S. Ct. 1578, 149 L. Ed. 2d 590 (2001), in turn quoting, Custis v. United States, 511 U.S. 485, 497, 114 S. Ct. 1732, 128 L. Ed. 2d 517 (1994)).

Here, Defendant has already challenged the voluntariness and other aspects of his plea in state court, raising the same arguments he raises now.  (See Docket No. 126-1, Exhibits A–E.)   That effort was unsuccessful.   (Id.)   The state court's determination that Defendant's guilty plea was constitutionally firm—including that Defendant acted voluntarily—settles the matter for purposes of the evidentiary issue confronting this Court See Haddad, 10 F.3d at 1258 (finding that a state guilty plea should be treated as any other admission or confession made by the defendant).   Consequently, Defendant's motion to preclude evidence of his statements and state-court conviction is denied.[3]

---

3 It is worth noting that even assessing the constitutionality of the state plea proceedings, it appears from the available record that Defendant entered his guilty plea both intelligently and voluntarily.   See Boykin v. Alabama, 395 U.S. 238, 242, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969).   Defendant was represented by counsel, heard the charges against him as discussed by counsel and the court, and admitted his guilt before the court could even read the full charges against him. (Docket No. 126-1, Exhibit A.)   The evidence against Defendant was strong, including his presence during the transportation of Victim 1, his taking a share of Victim 1's earnings from prostitution, and his using his true name and contact information to place and pay for advertising.   (Docket No. 126, Exhibit B.)   Other than Defendant's own post-conviction, self-serving statements, there is no evidence or indication that Defendant ever considered proceeding to trial rather than pleading guilty.   Thus, the record would support a finding that Defendant knowingly and freely elected to enter his guilty plea in the face of the evidence against him and to take advantage of the non-incarceration sentence negotiated by his lawyer, which in turn would help preserve his custodial rights.

B.   **Defendant's State Conviction for Promoting Prostitution as Impeachment Evidence, Evidence of Uncharged Conduct, and *Mens Rea* (Docket Nos. 119, 100)**

Defendant moves to preclude the government from using evidence of the state-court conviction discussed above for impeachment purposes, under Rule 609, or as impermissible propensity evidence, under Rule 404 (b).  (Docket No. 119.)  The government responds that it is unaware of any convictions that fit under Rule 609 and therefore does not plan to use any convictions for impeachment purposes.  It further notes, as discussed above, that it will not offer Defendant's state conviction as "other act" evidence under Rule 404 (b), but rather, will present the state conviction and related evidence as direct evidence of the crimes charged in the Superseding Indictment.  That is, the same conduct that resulted in the state conviction is direct evidence of Defendant's guilt on Count 1, as discussed above.  Consequently, Defendant's request to preclude this evidence under Rules 609 and 404 (b) is denied.

Defendant also addresses "other evidence" in his motion.  (Docket No. 119.)  He seeks preclusion of any evidence of prostitution-related activities that do not directly involve Victim 1, such as evidence that he was seen at hotels with different females or purchased online advertising.  In its competing motion, the government contends that evidence of uncharged conduct concerning other victims is admissible as the *res gestae* of the offenses charged.  (Docket No. 100.)

The government intends to present evidence that during the time period charged in the Superseding Indictment, Defendant (1) provided lodging, food, and clothing to Victim 1 and other victims, (2) had sexual relations with them, (3) gave them alcohol,

9

marijuana, and cocaine, (4) took pictures of them for use in online advertising for commercial sex transactions, and (5) directed their telephone communications with himself and their clients.  The government contends that this evidence is admissible as uncharged criminal activity (not "other crimes" evidence) under governing law because it (1) arises out of the same transactions charged in the Superseding Indictment, (2) is inextricably intertwined with evidence of the charged offenses, and (3) is necessary to complete the story of the crime on trial.  See United States v. Carboni, 204 F.3d 39, 44 (2d Cir. 2000) (citing United States v. Gonzalez, 110 F.3d 936, 942 (2d Cir. 1997)).

Based on the government's proffer, it appears that this evidence will satisfy the Carboni standard.  The introduction into evidence of this type of background and relationship-establishing evidence has been upheld both in this district and the Second Circuit.  See United States v. Robinson, 702 F.3d 22, 26 (2d Cir. 2012) (finding that evidence of the defendant's involvement with other uncharged prostituted women was directly admissible to "complete the story" of the crimes charged and establish the relationship between the defendant and the victim); United States v. Thompson, 178 F. Supp. 3d 86, 94-95 (W.D.N.Y. 2016) (finding evidence of the defendant supplying intoxicants to the charged and uncharged victims and having sexual relations with them was admissible as directly relevant to the charged crimes or as background evidence).  At trial, however, the government will be required to sufficiently link this evidence to the crimes charged in the Superseding Indictment and Defendant will be free to object under Carboni.  This Court further notes that this evidence is also likely admissible under Rule 404 (b) as evidence of intent, preparation, plan, absence of mistake, or lack of accident,

and Defendant is on notice that the government may so seek its admission (Docket No. 100).  See United States v. LaFlam, 369 F.3d 153, 156 (2d Cir. 2004) (noting that under the Second Circuit's "inclusionary approach," other-act evidence may be admitted for any purpose other than to show a defendant's criminal propensity).  Consequently, this Court will deny Defendant's motion to preclude without prejudice to renewal at trial and grant the government's motion seeking a preliminary order of admissibility.

Finally, Defendant seemingly challenges the method by which the government may prove *mens rea*.  Defendant maintains that the government cannot sustain its burden of proving that Defendant knew that Victim 1 was a minor by simply demonstrating that he had a reasonable opportunity to view her.  The plain text of 18 U.S.C. § 1591 (c), however, defeats Defendant's argument.  That statute provides as follows:

> In a prosecution under subsection (a)(1) in which the defendant had a reasonable opportunity to observe the person so recruited, enticed, harbored, transported, provided, obtained, maintained, patronized, or solicited, the Government need not prove that the defendant knew, or recklessly disregarded the fact, that the person had not attained the age of 18 years.

The Second Circuit has found that, when applicable, § 1591 (c) "imposes strict liability with regard to the defendant's awareness of the victim's age, thus relieving the government's usual burden to prove knowledge or reckless disregard of the victim's underage status under § 1951 (a)."  United States v. Robinson, 702 F.3d 22, 26 (2d Cir. 2012).  The government may therefore "prove that the defendant had a reasonable opportunity to view the victim *in lieu of* proving knowledge."  Id. at 31 (emphasis in original).  Consequently, Defendant's request that the government be held to a higher

proof standard is denied.

### C. Evidence of Victims' Sexual Behavior (Docket No. 99)

The government moves under Rule 412 to preclude Defendant from eliciting or presenting any evidence concerning victims' sexual behavior, including prostitution, which took place before or after the time period charged in the Superseding Indictment. (Docket No. 99.) With little elaboration, Defendant opposes the government's motion on the basis that any limitation on his ability to present such evidence would violate his Fifth Amendment right to present a defense and his Sixth Amendment right to confront the witnesses against him. (Docket No. 120.) Neither argument is persuasive.

In a criminal trial involving alleged sexual misconduct, Rule 412 prohibits evidence that is "offered to prove that a victim engaged in other sexual behavior" or "offered to prove a victim's sexual predisposition." Fed. R. Evid. 412 (a). The purpose of the rule is to protect against invasions of privacy, potential embarrassment, and salaciousness. See Thompson, 178 F. Supp. 3d at 90 (citing 1994 Advisory Committee Note to Rule 412 (1994 CAN)). Because the instant case involves sexual misconduct, and because evidence of victims' pre- and post-indictment sexual behavior is evidence of "other sexual behavior," Defendant is barred from eliciting or presenting such evidence unless one of the exceptions in Rule 412 (b)(1) applies. See Fed. R. Evid. 412 (a)(1); Thompson, 178 F. Supp. 3d at 91.

Rule 412 (b)(1) contains three exceptions applicable in criminal cases, only one of which is relevant here: the court may admit "evidence whose exclusion would violate the defendant's constitutional rights." Fed. R. Evid. 412 (b)(1)(C). Defendant relies on this

exception in opposing the government's motion, arguing that any limitation would violate his Fifth and Sixth Amendment rights. Defendant maintains that evidence concerning the victims' past use of hotels and internet advertising to conduct other acts of prostitution is relevant to whether he recruited or enticed Victim 1 as charged in the superseding indictment, and therefore must be permitted for him to assert a defense. This argument has been soundly rejected. In Thompson, the court found that victims' pre- and post-indictment sexual behavior is not relevant to what the government must prove to secure a conviction under 18 U.S.C. § 1591. 178 F. Supp. 3d at 92. It further held as follows:

> To be sure, the Defendant may introduce or elicit evidence concerning whether Victims 1 and 2 engaged in prostitution (during the time period at issue) of their own volition, and not as a result of "force, threats of force, fraud, coercion . . . or any combination of such means." § 1591 (a). But the Defendant may *not* attempt to show that Victims 1 and 2 voluntarily engaged in prostitution based on the fact that they allegedly engaged in prostitution before and after the events giving rise to this case.

Thompson, 178 F. Supp. 2d at 92 (emphasis in original); see also United States v. Elbert, 561 F.3d 771, 777 (8th Cir. 2009) (finding evidence of past sexual activities irrelevant); United States v. Cephus, 684 F.3d 703, 708 (7th Cir. 2012) (similar); United States v. Valenzula, 495 Fed.Appx. 817, 820 (9th Cir. 2012) (similar).

The same applies here. Evidence that victims may have used hotels and internet advertising to conduct other acts of prostitution outside of the time period of the superseding indictment is not relevant. Thus, barring this evidence does not violate Defendant's Fifth Amendment right to present a defense. See Thompson, 178 F. Supp. 3d at 92.

13

Defendant's Sixth Amendment argument, as far as it goes,[4] is also unpersuasive and has been rejected by this court. In Thompson, the court held that barring evidence of victims' pre- and post-indictment sexual activity does not violate the Sixth Amendment Confrontation Clause because the trial court retains wide latitude to impose reasonable limits on cross-examination, one of which is to "prohibit the defendant from cross-examining sex trafficking victims about acts of prostitution that are unrelated to the charges in the superseding indictment." 178 F. Supp. 3d at 93. Thus, for the reasons thoroughly articulated in Thompson, this Court finds that application of Rule 412 under these circumstances does not violate Defendant's Sixth Amendment rights. 178 F. Supp. 3d at 94 ("barring evidence of the victims' pre- and post-indictment sexual activity does not violate the Defendant's Sixth Amendment Confrontation Clause rights").

### D.     Protection of the Victim-Witnesses' Identities (Docket No. 101)

The government seeks a protective order permitting the victim-witnesses to testify at trial under only their first name and last initial, as was done in Thompson, to preserve their anonymity. See 178 F. Supp. 3d at 95-97. Defendant does not oppose this request. (Docket No. 121.) For the reasons set forth in Thompson, this Court finds that the government's compelling interest in protecting victims from personal and public scrutiny of their activities as sex workers and encouraging victims to testify outweighs the general right of access to criminal trials. Id. at 96. The government's motion is therefore granted. The government, upon consultation with defense counsel, is directed

---

4 It does not go far. Other than citing the Sixth Amendment, Defendant makes no arguments concerning how his right to confront witnesses is violated by application of Rule 412. (See Docket No. 120.)

to submit a proposed protective order for this Court's signature. Id. at 97 (setting forth terms of a protective order). The government is also directed to consult with defense counsel and propose a suitable manner in which to identify the victim-witnesses to the venire without disclosing their identities.

## IV. CONCLUSION

For the reasons stated above, the government's motions in limine are granted and Defendant's motions in limine are either denied or denied without prejudice.

## V. ORDERS

IT HEREBY IS ORDERED, that the government's Motion in Limine Regarding Defendant's State Conviction (Docket No. 96) is GRANTED.

FURTHER, that Defendant's Motions in Limine Regarding Defendant's State Conviction (Docket Nos. 111, 118) are DENIED.

FURTHER, that Defendant's Motion in Limine Regarding Defendant's State Conviction for Promoting Prostitution as Impeachment Evidence, Evidence of Uncharged Conduct, and *Mens Rea* (Docket No. 119) is DENIED in part and DENIED without prejudice in part.

FURTHER, that the government's Motion in Limine Regarding Uncharged Conduct (Docket No. 100) is GRANTED.

FURTHER, that the government's Motion for Protective Order (Docket No. 101) is GRANTED.

FURTHER, that the government's Motion Regarding the Victims' Sexual Behavior

(Docket No. 99) is GRANTED.

    SO ORDERED.

Dated:    December 11, 2017
                Buffalo, New York

                                              /s/William M. Skretny
                                              WILLIAM M. SKRETNY
                                              United States District Judge