UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.  **DECISION AND ORDER**
     15-CR-9S

MARCELLUS OVERTON,

        Defendant.

On January 13, 2015, the grand jury returned a 2-count indictment against Defendant Marcellus Overton charging him with sex trafficking, in violation of 18 U.S.C. §§ 1591 (a)(1) and (b)(2), and interstate transportation of a minor for purposes of prostitution, in violation of 18 U.S.C. § 2423 (a).  (Docket No. 1.)  The grand jury later returned a superseding indictment to add new allegations to the original charges.  (Docket No. 104.)

On November 26, 2018, the day before trial, Overton waived indictment and pleaded guilty to a superseding information charging him with conspiracy to commit sex trafficking of a minor, in violation of 18 U.S.C. § 1594 (c).  (Docket Nos. 207-210.)  In his plea agreement and at his plea colloquy, Overton admitted to trafficking a 17-year-old minor for purposes of prostitution between December 2012 and March 2013.[1]  (Docket

---

[1] In his plea agreement, Overton acknowledges that he faces a maximum statutory sentence of life imprisonment, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of five years to life.  (Docket No. 209.)  He further acknowledges that his sentencing exposure under the sentencing guidelines is 135-168 months' imprisonment, a fine of $17,500 to $175,000, and a term of supervised release of five years to life.  (Id.)  But notwithstanding this exposure, Overton and the government have agreed pursuant to Rule 11 (c)(1)(C) that a sentence of no less than 90 months' and no more than 213 months' imprisonment is an appropriate sentence in this case.  (Id.)  This Court has not yet determined whether it will accept this provision of the plea agreement.  See Fed. R. Crim. P. 11

1

No. 209.)

At the conclusion of the plea proceeding, this Court scheduled sentencing for March 20, 2019. (Docket No. 210.) Overton, however, was convinced that the government failed to produce all exculpatory materials in discovery, and he questioned his attorney's effectiveness in failing to obtain those materials before he entered his guilty plea. (Affirmation of Mark A. Foti, Esq. ("Foti Aff."), Docket No. 261-1, ¶ 12.) Consequently, this Court appointed independent counsel[2] to advise Overton as to any attorney-conflict issues stemming from his ineffectiveness concerns and as to whether it was in his best interests to pursue a motion to vacate his plea under Rule 11 (d) of the Federal Rules of Criminal Procedure or proceed to sentencing. (Docket Nos. 222, 223, 224.)

Thereafter, in an attempt to allay Overton's disclosure concerns, and to facilitate resolution of any possible attorney-conflict issues, the government voluntarily agreed to produce unredacted Jencks Act and other materials pursuant to a protective order. (Foti Aff., ¶ 15; Docket No. 241.) The government subsequently made multiple disclosures in response to Overton's multiple requests, including producing previously undisclosed material relating to Special Agent Karen Wisniewski, a witness whom the government did not intend to call at trial, but for whom Overton had requested pretrial discovery. (Foti Aff., ¶¶ 3-5, 17-22; Docket No. 203.) This production consisted of more than 40 pages of reports and handwritten notes dating from January 31, 2014, to August 31, 2017, which

---

(c)(3)(A).

2  This Court recognizes James W. Grable, Jr., Esq., for his service in this regard.

Overton contends is "saturated with Brady[3] information," none of which was disclosed before Overton entered his guilty plea, despite his requests for it. (Id. ¶¶ 23-25.)

This voluntary disclosure prompted Overton to believe that other undisclosed materials may exist and to therefore make further requests for production. (Id. ¶ 33.) In response, the government produced additional responsive materials (some with redactions), but denied having knowledge or responsive information to some of the requests. (Id. ¶¶ 33-36.)

Still unsatisfied with the government's responses, and firmly believing that the government committed Brady violations, Overton now moves for an order requiring the government to produce additional Brady material and for a hearing[4] to explore the extent of the government's alleged Brady violations. (Docket Nos. 261, 269.) The government denies committing any Brady violations, opposes any hearing, and requests that the matter be set down for sentencing. (Docket Nos. 264, 271.) Familiar with these unusual proceedings, and having considered the parties' submissions, this Court finds no grounds to grant Overton's motion to compel.

There are no motions or proceedings concerning Overton's plea currently pending before this Court. What has occurred over the past 15 months is a limited, albeit protracted, course of voluntary production by the government aimed at resolving possible attorney-conflict issues and, perhaps, addressing Overton's discovery concerns. As an offshoot, this production has also provided Overton additional information to consider as

---

3  Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

4  Overton argues that a hearing is warranted under United States v. Avellino, 136 F.3d 249 (2d Cir. 1998).

3

he weighs whether to pursue vacating his plea. But there is no pending motion to vacate or any other pending motion to which this informal discovery is attached. With the government's efforts having been entirely voluntary, there is no basis to generally compel it to provide additional information or to hold a hearing concerning its disclosures, which again, have been entirely voluntary.

Overton no doubt believes that the government violated its discovery obligations under Brady and the Jencks Act, but that issue, though briefed at length, is not properly before this Court. Whether further production or a hearing might be warranted in the context of a pending motion to vacate a plea is a question for another day. For now, in the absence of an underlying motion to which discovery may attach, this Court finds no basis to compel the government to produce documents it has no present obligation to produce nor to hold a hearing to examine its voluntary production.

There is, however, one inquiry that this Court will require the government to confirm. Overton contends that he once saw a law enforcement document among Victim 1's belongings that set forth exculpatory statements that Victim 1 allegedly made to law enforcement. (Declaration of Marcellus Overton, Docket No. 261-3, ¶¶ 7-8.) Overton maintains that Victim 1 told law enforcement that she never worked for him; that she engaged in prostitution on her own; and that she did not work for or with him. (Id. ¶ 8.) Overton recalls "that the document was created by some law enforcement agency, perhaps the Cheektowaga Police Department." (Id.)

The government maintains that it is unaware of any such statement given by Victim 1 to law enforcement, and that it has provided all statements to the defense.

4

(Memorandum of Law, Docket No. 264, p. 21.)  It has not, however, to this Court's knowledge, set forth the details of the inquiries it has made.  Because this alleged statement appears at the forefront of Overton's concerns, the government is ordered to contact each involved law enforcement agency (including the Cheektowaga Police Department) to inquire into the existence and whereabouts of the alleged statement.  If the alleged statement exists and is discovered, the government must produce it to the defense.  If the alleged statement once existed but has been destroyed, the government must provide an explanation to the defense.  If it is reported by a given law enforcement agency that the alleged statement never existed, the government must provide that confirmation to the defense.  The government must complete this inquiry by June 23, 2020.

This additional, limited inquiry by the government will bring these informal discovery proceedings to a close.  At the status conference currently scheduled for June 24, 2020, this Court will set a sentencing date.  If Overton files a motion to vacate his plea at any time before sentencing, this Court will resolve it expeditiously.  At this point, however, this Court finds no cause to hold a hearing or compel further production beyond the limited inquiry set forth above.  Overton's motion to compel is therefore granted in part and denied in part.

IT HEREBY IS ORDERED, that Defendant's Motion to Compel and for a Hearing (Docket No. 261) is GRANTED in part and DENIED in part, consistent with the foregoing decision.

FURTHER, that the government must complete the limited inquiry ordered above by June 23, 2020.

FURTHER, that Defendant and counsel shall appear before this Court for a status conference, as scheduled, on June 24, 2020, at 11:00 a.m.  Unless otherwise ordered, the status conference will be conducted by videoconference on the Zoom Government platform.  Public access to this proceeding may be obtained by contacting this Court's chambers at (716) 551-1824.

SO ORDERED.

Dated: June 15, 2020
Buffalo, New York

s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge