IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,                                   **REPLY**
                                                                                  **AFFIRMATION**
V.

                                                                                  **Indictment No. 15-CR-09WMS**


MARCELLUS OVERTON,
                          Defendant.
_____

      I, Frank LoTempio, III. confirms ands states as follows:

      1.   I make this affirmation in reply to the Government's Opposition to Defendant's Motion to Withdraw.

      2.   The Government Opposition papers confirm the points and arguments in our motion.

      3.   Gleaned from their papers the Government makes the four following points in opposition to our motion: 1) that the material was not specifically requested for; 2) that there is overwhelming evidence of guilt and that regardless of whether or not the information was requested it was irrelevant to a conviction; 3) that the time to make the motion had elapsed and that the delay unfairly prejudices the Government;  4) that the material  found was impeachment material and not exculpatory material which is therefore not Brady material or subject to discovery.

      4.   I will address each of those points below.


## I.      THE MATERIAL WAS NOT RQUESTED


      5.   In the beginning part of the Governments response they talk about procedural issues and what requests that the defendant made and what information the defense was requesting.

6.   The Government is being quite disingenuous when they make this assertion. The Government knew what Mr. Overton wanted and they knew he wanted the notes from the special agent regarding witness 3.  It is baffling for them to say any different.  It only confirms that they were and still are trying to hide something. They admit receiving a list of demands that Defendant had. They enumerate the conversations they had with the defense and what they wanted, yet, are explicably trying to deny knowing what the defendant actually wanted.  Upon information and belief, the Defense mentioned the particular notes and evidence in the court.  Mr. Foti and Mr. Grable attested to this in the Motion To Withdraw and the Avellino motion.  To say that they did not know what the defense was looking for is simply absurd.

7.   If they did not know what they were looking for, then why did the Government plan on going to the office where the notes were located to specifically look at this case agents file. Conveniently, in an effort to give themselves plausible deniability, they play dumb and state that they planned on going to the office of the HIS agent but were told by an unknown source that they were already in possession of all the notes.

8.   Knowing that these notes were in this case file and that this is the major issue, why would you not go there? Why would you not double check for yourself?

9.   It is simple. They knew there was Brady material that existed, knew it should have been turned over, and they knew that it now was too late.  They gave themselves plausible deniability and then when they got caught made up the below excuses to simply wash their sins away.

10. One of those excuses was that the only request by the Defendant, was a specific

request of a 60-page NYS police report.  If you read Mr. James Grable reply affidavit to the Avellino motion, he states that he never mentioned such police report and that the requests he made, when he came on board, were clearly not limited to that even if that is what he requested.

11. It is beyond dispute that they knew what the Defense was looking for and now are making excuses of why they did not perform their duty under the law.

## II.    THE TIMING OF MOTION AND PREJUDICE TO THE GOVERNMENT

12. In their opposition papers, the Government lays out a case that the motion was brought too late and that such a withdrawal would create prejudice to them as they had prepared for trial twice and too much time has elapsed.

13. The major problem with the Government's assertion is that they created this mess.

14. Mr. Overton was quite hesitant to take the plea knowing that there was Brady material that existed, that the Government was not providing.  The Government ignored these requests and hesitations.  Mr. Overton was and is in the right.  There was in fact the exact Brady material he was requesting.  The Government is in the wrong.

15. The Government in their opposition, spends over two pages laying out the demands by the defendant (despite in the same breath saying they did not get a specific request).  They then spend a significant amount of time laying out their "negligence" or "excuses" in not finding or getting information that The Defendant knew existed, which the presence of which totally vindicated his concerns.

16. To blame the Defendant for any delay is outrageous and hypocritical.  The

Government caused this delay.  They knew what the defendant wanted.  They could have easily found out if it existed, by simply going through the case agents notes.  They did no such thing. They instead wanted to hide this material and provide themselves with some plausible deniability.

17. Therefore, the case law they cited, which stands for the proposition that even a short delay is prejudicial, is irrelevant because they are the sole cause for the delay.

## III.    THE WITNESS WAS IRRELEVANT/NON TESTIFYING/EVIDENCE OF GUILT

18.  The Government argues that since the special agent was a non-testifying witness and witness 3 was not needed for trial, that it really does not constitute Brady, Gilgio or 3500 material and/or that somehow makes the Defendants argument and requests moot.

19. If that is the case, then why did witness 3 testify in the Grand Jury?  Why would they put witness 3 on the stand in the trial?

20. Witness 3 is relevant.  The statement she made to a case agent is relevant, especially if it undermines their theory of the case and also undermines her credibility.

21. With that being said, the case agent becomes relevant.  A case agent that was part of the investigation and interviewed a number of witnesses, is relevant.  It is incredible to not see the relevance. The Government conveniently downplays the role of their case agent. In fact, they took them off the list to avoid this entire scenario.

22. Further, Witness 3 or the case agent may not be a witness for the Government, but certainly could have been a witness for the defense (again showing that the material is exculpatory and not impeachment).  The Government is attempting to prove that Mr. Overton was a pimp.  Yet,

they have a witness who rebuts their theory.   The facts that they state in their introduction, to prove they have overwhelming evidence are the exact same facts that Witness 3 rebuts. So how can there be an overwhelming evidence of guilt when the facts that they put forth are almost the exact facts the witness rebuts.

23. They further attempt to draw a line between the timing of witness 3's interaction with the Defendant and the time he was pimping the Minor victim.   They assert that the trafficking and pimping of the minor victim happened before witness 3 came into the picture.

24. Oddly though, they interviewed and needed witness 3 to testify in the Grand Jury and trial.   Further, in footnote one of their opposition they provide more Brady material.   The affirmatively state that the minor victim did not originally identify Mr. Overton.   So that makes witness 3 even more important to their theory of the case.   Not to mention, as will be discussed below and that this is clearly another Brady violation.   Your affiant is not aware that this information was ever provided to the defense.   This potential Brady material opens up significant identification issues.

25. Their main witness cannot identify the Defendant and their other witness rebuts their theory of the case.   How can there be an overwhelming evidence of guilt?

26. Regardless this leaves the question that the agent at trial or the Government needs to answer at all:  Why was witness 3 interviewed?  Why was she interviewed a second time?  Why did she testify in the Grand Jury? Why would she testify at trial?

27.  The Government cannot answer these questions without implicating her relevance or the case agent's relevance or the exculpatory material.

28. The crux of the first part of their response to the motion is to make some illogical

excuses that give them some plausible deniability: we did not get the specific request, someone told us we had all the notes, we were not calling the agent at trial, witness 3 did not know the "victim" and is therefore irrelevant. What do those excuses have to do with Brady material?

29.  It is simply a tactic to muddy the waters and have this court avoid looking at the misconduct.

30. At the very least or at best, however you want to look at it,  those excuses lend itself to a negligent prosecution.  But quite frankly, it is prosecutorial misconduct.  Both of those concepts under the relevant case law render it a Brady violation and subject to an Avellino motion and in this case a withdrawal of the plea.

## IV.    IMPEACHMENT MATERIAL AND UNITES STATES V. RUIZ

31.  The Government in their response to the Avellino motion and this opposition have continuously tried to draw a distinction between impeachment and exculpatory evidence.  They have said that the material that they were offering was impeachment material and not subject to Brady, Giglio, etc..  They said that such information is Rosario material to be provided when the witness testifies.  They then cite **United States v. Ruiz** to support their position that impeachment material need not be provided before a plea.

32. First and foremost, it is troubling to think that this is not exculpatory material.  What is even more troubling is that the Government, in their opposition, tries to individually explain away all of the facts that rebut their case as impeachment material. They provide this court with a number of non-sensical arguments spinning these facts as mere impeachment.

33. Impeachment by its definition is the calling into question the integrity or validity

of something. In this context we are calling into question the validity or integrity of a witness. Impeachment material consists of lies the witness told, their bias, their criminal history etc..

34. Exculpatory means to show or declare someone is not guilty of wrongdoing.

35. The facts gleaned from the case agent's investigation and interview of witness 3 rebut the Government's entire case in that Mr. Overton was a pimp, purchased adds, used his credit cards, transported people and so forth. Those are facts that show or declare that he is not guilty of wrongdoing. It cannot be more obvious that those facts show and declare that and therefore constitute exculpatory material.

36. Secondly, **Ruiz** bolsters our position. Quite frankly, Ruiz is very fact specific, upholds Brady and Giglio as a safeguard against improper conduct by the prosecution and is quite distinguishable from this case.

37. The Government is incorrect in saying the Supreme Court made this broad stroke about impeachment evidence.

38. Brady and Avellino do not and instead attempt to draw a distinction between exculpatory and impeachment material. They clearly stand for the proposition that exculpatory and impeachment material both classify as a Brady violation and warrant remedies if there is a violation. Again, lending to the thought that Ruiz is quite fact specific.

39. The Court in Ruiz clearly upholds the safeguards of Brady etc.. The Court stated that "Due Process requires prosecutors to avoid an unfair trial by making available upon request evidence where the evidence is material to guilt or to punishment." <u>Ruiz at 628</u>. They define exculpatory evidence as "evidence the suppression of which would undermine confidence in the verdict and includes evidence affecting witness credibility, where the reliability is likely determinative of guilt or innocence." <u>Ruiz at 628</u>.

40. What they establish is no different than what happened here.  There was a request made, there was this exculpatory evidence, and it is material to the guilt of the defendant.  *Ruiz* confirms our position.

41. However, the Government relies on that *Ruiz* says that impeachment material need not be provided prior to a plea as they would have to prepare for trial prior to a plea and that the government is not required to disclose their whole case prior to trial.  But that is not the case here.  Here, Mr. Overton was on the eve of trial, he specifically requested the material and was prepared for trial.  The facts in *Ruiz* are quite different than they are here and the ruling is distinguishable in that regard.

42. More importantly, the Court in *Ruiz* said since there is the safegaurd that the Government will provide any material to the defendant establishing his factual innocence diminishes the force of the concern that absent impeachment material innocent individuals would plea guilty.

43. It is the exact problem in this case and the purpose of Avelino and its progeny.  The Government can withhold this information simply by calling it impeachment material and that is not what was intended by Brady.  The Court makes perfectly clear that Brady and Giglio are alive and well, and are the safeguards to this type of conduct by the Government.  This is a clear Brady violation.

44. Further, *Ruiz* I believe is limited to the circumstances in this case.  This matter was not close to trial and there are no facts enumerated which would suggest the Defendant in *Ruiz* went through the extensive discovery and negotiations that happened in this case.  Here the case was ready for trial twice. They Government and Mr. Overton went through extensive discovery and negotiations for discovery, and this information in particular.

45. In fact, it is tough to stomach the Government's argument that *Ruiz* supports their when they have told us that they did not even know about the material until recently and now back into the impeachment argument.

46. Brady and Giglio require the information the Government had from witness 3 and the case agent's investigation.  It is exculpatory material that the Courts have consistently stated must be disclosed.

### V.     FOOTNOTE 1

47. Scarier yet, Footnote 1 in the opposition papers seems to open the door to a new Brady violation in that the Minor Victim could not originally identify Mr. Overton.

48. Clearly a lack of identification by the minor victim which is significant Brady material.

49. Understand that I am still new to this case, but I am not aware that this has ever been disclosed by the Government.  If not, we have another serious violation that needed to be vetted and addressed.

50. Such a violation would at the least require a hearing for the Government to prove that a Brady violation did not exist.  It would further lead us to a situation we would ask the court to review the entire file, *in camera*, for other Brady material as there is no trust in the information that the Government is providing.

51. How after all this time can another glaring Brady violation exist post plea.  I go back to my original motion in that the weight of the Government is upon all Defendants.  We trust the Government to abide by the safeguards that ensure a fair trial and Due Process.  We potentially now have a situation where two major violations of those safeguards exist.

52. It is understood that the judicial system has a need for finality but in a case such as

this the need for Due Process and the need to keep the government in check far outweighs the concerns of finality.

## VI.   <u>CONCLUSION</u>

53.  In all, the Government's opposition is deeply flawed.  Their assertions and excuses only lend to the fact that there was prosecutorial misconduct.  Further, their revelation to us regarding the lack of identification now raises more concerns and questions.

54. Therefore, we ask that Your Honor grant the relief requested and order a hearing to determine the full extent of the Brady violation(s).


Dated: October 2, 2020

Buffalo, New York

/s/ Frank LoTempio, III._____

 Frank LoTempio, III
Attorney for the Defendant
Marcellus Overton
LoTempio P.C. Law Group
181 Franklin Street
Buffalo, NY 14202
716-855-3761