UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

      v.                                      **DECISION AND ORDER**
                                                  15-CR-9S

MARCELLUS OVERTON,

            Defendant.
_____

On November 25, 2020, this Court denied Defendant Marcellus Overton's motion to withdraw his guilty plea, entered on November 26, 2018, and scheduled the matter for sentencing. See United States v. Overton, 15-CR-9S, 2020 WL 6948981 (W.D.N.Y. Nov. 25, 2020).[1] After multiple attempts at delay (see Docket Nos. 298, 300, 302, 304, 308, 311), Overton moved on the eve of sentencing to rescind his plea agreement and dismiss the superseding indictment on speedy-trial grounds. (Docket No. 318.) After full review and consideration of the motion, this Court denied it, with decision to follow. (Docket No. 319.) This Court's reasons for denying Overton's last-minute motion are as follows.

Overton's motion is largely a repackaging of his unsuccessful motion to withdraw his guilty plea. That motion was premised on Overton's belief that the government wrongfully withheld exculpatory materials to induce his admission of guilt. Indeed, during voluntary, post-plea discovery proceedings it was learned that certain information

---

1 Filed at docket number 297.

1

was not provided to Overton before he entered his plea. See Overton, 2020 WL 6948981, at *2-3 (describing post-plea discovery). Ultimately, however, this Court found that Overton failed to establish that the government had committed a Brady violation, because the information at issue was not material. Id. at *4-7. That is, Overton failed to demonstrate a reasonable probability that but for the government's failure to produce the information he would not have pleaded guilty and would instead have insisted on a trial. Id.

With the materiality question having been resolved against him, Overton's motion to rescind and to dismiss does not require extended discussion. Citing contract principles, the bulk of Overton's arguments seek rescission based on the erroneous assumption that the government withheld material information that would have changed his decision to plead guilty or somehow changed the nature of his agreement with the government. See Motion to Rescind and Dismiss, Docket No. 318, ¶¶ 75-83, 116-130 (arguing no "meeting of the minds"), ¶¶ 90-107 (arguing that the government failed to secure waiver of its obligation to provide continuing discovery), ¶¶ 108-115 (arguing that the government failed to disclose certain *quid pro quo* agreements with its witnesses). Such is not the case. Overton's arguments flatly ignore this Court's previous decision, which explained at length why the post-plea disclosures are not material and would not have changed Overton's decision to plead guilty. See Overton, 2020 WL 6948981, at *5-7. Those same reasons dispel any notion that the nature of Overton's agreement with the government is undermined by the post-plea discovery materials, which requires rejection of his similar rescission arguments.

The only new argument in Overton's motion is his claim that rescission or excision is warranted because the plea agreement misstates his statute of conviction—18 U.S.C. § 1594 (c).  (Motion to Rescind and Dismiss, ¶¶ 84-89.)  He maintains that "for purposes of determining his sentencing range for imprisonment and fine, the government and Mr. Overton agreed that Mr. Overton was 'convicted of a violation of Title 18, United States Code, section 1591 (b)(2).'"  (Id. ¶ 85.)  Again, such is not the case.

The first paragraph of the plea agreement correctly identifies Overton's statute of conviction—18 U.S.C. § 1594 (c).  (See Plea Agreement, Docket No. 209, ¶ 1.)  The paragraph in which Overton claims an error is misleadingly cited in his papers.  That section, paragraph 10 of the plea agreement, states in full as follows: "Pursuant to Sentencing Guidelines § 1B1.2(a), the government and the defendant agree that the defendant's sentencing range for imprisonment and a fine shall be determined *as if* the defendant was convicted of a violation of Title 18, United States Code, Section 1591 (b)(2)."  (Plea Agreement, ¶ 10 (emphasis added).)  There was thus no error, and consequently, there is no merit to this argument.

The remaining portion of Overton's motion seeks dismissal of the superseding indictment on speedy-trial grounds.  (Motion to Rescind and Dismiss, ¶¶ 131-138.)  But Overton includes no developed constitutional or statutory speedy-trial arguments and, in fact, concedes that time was excluded under the Speedy Trial Act, 18 U.S.C. § 3161, during the prosecution.  (Id. ¶ 133.)  In the absence of any developed arguments under the applicable considerations, see, e.g., Barker v. Wingo, 407 U.S. 514, 519-20, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972), there is no basis for dismissal on speedy-trial grounds.

For these reasons, this Court denied Overton's motion to rescind and dismiss.

SO ORDERED.

Dated:	January 25, 2021
	Buffalo, New York

                                                                s/William M. Skretny
                                                              WILLIAM M. SKRETNY
                                                            United States District Judge